IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICE W.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 02847 |
| v. ) | |
| ) | Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Patrice W.'s application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Dkt. 16, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [Dkt. 21, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Kilolo Kijakazi has been substituted for her predecessor.

**BACKGROUND**

**I.     Procedural History**

On July 24, 2017, Plaintiff filed a claim for DIB and SSI, alleging disability since November 14, 2014 due to anxiety, PTSD, bipolar disorder, depression, hypertension, and asthma. [R. 64-65.] Plaintiff's claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 11, 2019. [R. 32.] Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 32.] Vocational expert ("VE") Jessica Christensen also testified at the hearing. [R. 32, 57.] On April 8, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 26.] The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

**II.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 14-16.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since December 29, 2015. [R. 15.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression, anxiety, post-traumatic stress disorder, arthritis of the left shoulder and bilateral knees, asthma, hypertension, and obesity. [R. 16.] The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 16-18.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry and push and/or pull no more

than 50 pounds occasionally and up to twenty-five pounds frequently; to stand and/or walk for about six (6) hours of an eight-hour workday and to sit for about six (6) hours of an eight-hour work day; to occasionally reach overhead with the dominant left upper extremity and frequently reach in all other directions with the dominant left upper extremity; to occasionally climb ladders, ropes, or scaffolds; and to occasionally work in dust, odors, fumes, and pulmonary irritants. [R. 18-24.] In addition, the ALJ limited Plaintiff to making simple work-related decisions; performing routine tasks with no assembly-line work or strictly-enforced daily production quotas; few changes in a routine work setting; and occasional interaction with the general public, co-workers, and supervisors. [R. 18-24.] At step four, the ALJ concluded that Plaintiff would not be able to perform her past relevant work as a home health aide. [R. 24.] At step five, the ALJ concluded that based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 25-26.]

## DISCUSSION

**I.     Judicial Review**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant

3

retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.*, at 327.

The ALJ also has a basic obligation to develop a full and fair record, and to "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ

4

"must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351).

## II. Analysis

Plaintiff makes three arguments challenging the ALJ's decision, including: (1) the ALJ improperly evaluated opinion evidence; (2) the ALJ improperly evaluated Plaintiff's mental RFC; (3) the ALJ failed to properly assess Plaintiff's statements about her symptoms. After reviewing the record and the briefs submitted by the parties, this Court concludes that the ALJ erred in evaluating opinion evidence. Because this failure alone warrants remand, the Court need not reach Plaintiff's additional arguments.

The ALJ evaluated three medical opinions with respect to Plaintiff's mental RFC. The ALJ "was persuaded by" the opinions of two state agency psychological consultants, Dr. M.W. DiFonso, Psy.D. and Dr. Howard Tin, Psy.D. [R. 24.] The ALJ first recounted their findings, which the ALJ noted included that Plaintiff "had some mental limitations based, in part, on the claimant's June 2017 visit review of symptoms," that Plaintiff carried out a fair range of daily activities, that her symptoms of depression and anxiety moderately limit her ability to manage detailed tasks, that her interpersonal skills were appropriate in her clinical interview, and that her adaptive skills were within normal limits. [R. 24]. The ALJ found that "Drs. DiFonso and Tin's assessments were consistent with the record as a whole." [R. 24.]

The ALJ "was not persuaded by" the opinions of examining doctor Ashley Dolan, Psy.D. [R. 24.] Dr. Dolan noted that Plaintiff "was cooperative during the evaluation, but provided vague responses and had a childlike demeanor," and that plaintiff had a flat affect, was oriented to person and place but not to time, had impaired immediate recall and rote verbal memory, and impaired

abstract reasoning, among other symptoms. [R. 651-652.] At the evaluation, Plaintiff could not name digits forward or backward; could not recall a recent event; could not report her birthday or a previous president or name 5 large cities or any famous individuals; could not complete serial 7s; and did not know the answer to basic addition problems. [R. 651-652.] Dr. Dolan concluded that "[b]ased on psychological factors only, the claimant has significant limitations understanding and remembering basic instructions, completing simple and complex tasks, sustaining concentration, making appropriate decisions, interacting adequately with others, and adapting appropriately to stress associated with customary employment." [R. 652.] Dr. Dolan further noted that "[a] mental status evaluation indicated that [Plaintiff] was experiencing severe cognitive impairments." [R. 652.]

      The ALJ rejected Dr. Dolan's opinions because the ALJ found it "unclear what the doctor meant by 'significant' limitations as these could still fall within the realm of moderate limitations, which would be supported by Dr. Dolan's mental status exam." [R. 24.] The ALJ further noted that Plaintiff's performance on her mental status exam for Dr. Dolan "was significantly different than her mental status exam just a week prior, as well as her record as a whole." [R. 24.] Finally, the ALJ noted that "Drs. DiFonso and Tin noted these inconsistencies, as well." [R. 24.]

      The ALJ failed, however, to follow the applicable regulations in assessing opinion evidence, and further failed to build a logical bridge between the evidence and his conclusions. Because Plaintiff's claim was filed after March 17, 2017, the evaluation of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under § 404.1520c, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must consider a variety of factors in assessing opinion evidence, including the supportability and

6

consistency of the opinion, the source's relationship with the claimant, and the source's specialization. 20 C.F.R. § 404.1520c(a), (c). The most important factors are the supportability and consistency of a source's opinion, and an ALJ is required to "explain how [he] considered the supportability and consistency factors . . . in [his] determination or decision." 20 C.F.R. § 404.1520c(b)(2). ALJs may, but are not required to, explain how they considered other factors in assessing opinion evidence. *Id*.

In this case, the ALJ failed to explain how he considered the consistency or supportability of both the agency consultants and Dr. Dolan's opinions, *contra* § 404.1520c(b)(2). With respect to the agency consultants, the ALJ recounted their opinions, and then noted—with no further explanation—that "Drs. DiFonso and Tin's assessments were consistent with the record as a whole." [R. 24.] The ALJ thus failed entirely to explain the supportability of the consultants' opinions, and only identified a conclusion—as opposed to an explanation—with respect to the consistency of the consultants' opinions with the record. Because a "logical bridge" remains "the touchstone of judicial review," an ALJ evaluating opinion evidence "must consider the regulatory factors and explain why a medical opinion" is supported or unsupported by, and consistent or inconsistent with, the broader record. *Evonne R. v. Kijakazi*, No. 20 CV 7652, 2022 WL 874650, at *5 (N.D. Ill. Mar. 24, 2022). Here, the ALJ provided a "conclusion, not a reason (or reasons)" supporting his conclusion. *Mueller v. Astrue*, 493 F. App'x 772, 776 (7th Cir. 2012) (rejecting as insufficient "a one-sentence declaration that Dr. Wright's opinion is inconsistent with Mueller's description of his daily activities, the objective medical evidence, the observations and opinions of other mental-health professionals, and Mueller's ability to perform work in the past with his current mental illnesses and symptoms"); *see also Schmidt v. Colvin*, 545 F. App'x 552, 557 (7th Cir. 2013) (rejecting similar language as "entirely unhelpful" boilerplate that "provides no

7

indication of which portions of the record might actually be consistent" with the consultant's opinions"); *Evonne R.*, 2022 WL 874650, at *5 (reference to consistency with "the physical examination evidence detailed above" is insufficient to comply with 20 C.F.R. §§ 404.1520c(b)(2)).

The ALJ's assessment of Dr. Dolan's opinions is likewise insufficient. First, the ALJ's conclusion that Dr. Dolan's opinions were inconsistent with "the record as a whole" is just as unexplained and perfunctory as his assessment of the agency consultants' opinions. 20 C.F.R. §§ 404.1520c(b)(2) required the ALJ to explain *how* Dr. Dolan's opinion was inconsistent with and/or unsupported by the record, but the ALJ provided only a rote conclusion with respect to the supportability and consistency of Dr. Dolan's opinions with the broader record. This alone warrants remand.[3]

The other reasons provided by the ALJ for rejecting Dr. Dolan's opinions were equally unsound. The ALJ claimed not to know whether Dr. Dolan's use of the phrase "significant limitations" meant moderate limitations, or more severe limitations, and thus rejected Dr. Dolan's opinion as vague. [R. 24.] But shortly after Dr. Dolan used the phrase "significant limitations," she noted that Plaintiff's "mental status evaluation indicated she was experiencing severe cognitive impairments," and further noted that Plaintiff "is unable to participate in management of her own funds." [R. 652.] The ALJ appeared to ignore the portion of Dr. Dolan's opinions where she noted

---

[3] On appeal, the Commissioner tries to fill in the blanks the ALJ left by citing to records that the ALJ could have used in support of his assessment of Dr. Dolan's opinions. But the Commissioner is stuck with the opinion the ALJ wrote, not the opinion she wishes the ALJ wrote. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."). Nor is an ALJ's reference to the "record as a whole" a license for the Commissioner to embrace on appeal anything and everything in the record that the ALJ could have cited, but chose not to.

Plaintiff's impairments were "severe" in order to arrive at his conclusion that Dr. Dolan's opinion was "vague" because "significant" could encompass "moderate." [R. 24.]

The ALJ also noted that Plaintiff's presentation to Dr. Dolan differed from her presentation to a different examiner a week earlier. [R. 24.] But the ALJ provided no reason why it was Plaintiff's presentation to Dr. Dolan—as opposed to her presentation to the other examiner—that was anomalous, aside from the rote conclusion that Plaintiff's presentation to Dr. Dolan was inconsistent with the "record as a whole." [R. 24.] More to the point, as Plaintiff argues, to the extent the ALJ relied on a single examination wherein Plaintiff's presentation was less dire than her presentation to Dr. Dolan, the ALJ failed to account for the fact that individuals with mental impairments often have "good days" and "bad days," during which their capabilities differ. *See, e.g., Mandrell v. Kijakazi*, 25 F.4th 514, 519 (7th Cir. 2022) ("The fact that [the claimant] had some good days and some bad days, as we have noted in other cases, in no way undermines her showing of disability."). It was especially important that the ALJ conduct such an analysis in this case because the mixed record reflects appointments where Plaintiff had relatively normal mental status examinations, *e.g.* [R. 781], and also appointments where Plaintiff's examinations reflected very significant difficulties (including poor energy, racing thoughts, going extended periods without sleep, agitation, inappropriate mood and affect, forgetfulness, hallucinations, poor attention span and disjointed concentration, and slow speech and thought processes, among other symptoms). *See, e.g.*, [R. 394-97, 626, 708-712, 825.] It was error for the ALJ to rely on a single appointment during which Plaintiff had a more normal presentation to conclude that Dr. Dolan overstated Plaintiff's limitations. *See, e.g., Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("As we have explained before, a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition.").

9

Finally, the ALJ indicated that Drs. DiFonso and Tin noted the inconsistencies between Plaintiff's presentation to Dr. Dolan and the broader record. [R. 24.] But, as explained above, the ALJ provided only a conclusory evaluation of Drs. DiFonso and Tin's opinions; the ALJ never explained how or why Drs. DiFonso and Tin's opinions with respect to Dr. Dolan's assessment were consistent with or supported by the record. The ALJ cannot save his assessment of Dr. Dolan's opinions by reference to the opinions of agency consultants when the ALJ provided no reason why he credited those opinions. Put differently, an ALJ can't create an ultimately hollow nesting doll of opinions to avoid having to actually analyze the record.

In short, the ALJ failed to evaluate Dr. Dolan's opinions in accordance with 20 C.F.R. §§ 404.1520c(b)(2), and the reasons the ALJ gave for rejecting Dr. Dolan's opinions were either conclusory and unexplained, incorrect, or insufficient. Because the ALJ's failure to properly evaluate opinion evidence alone warrants remand, the Court need not evaluate the remaining issues identified by the Plaintiff. On remand, however, the Administration should not construe the Court's silence on the remaining issues as an indication that the ALJ's initial adjudication was appropriate or not with respect to those issues.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [16] is granted, and the Commissioner's motion for summary judgment [21] is denied. The Commissioner's decision

is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 7/6/2022

									_____
									BETH W. JANTZ
									United States Magistrate Judge

11